# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| PHYLLIS A. BOOHER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09CV00040 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | By: James P. Jones |
| COMMISSIONER ) | United States District Judge |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Michelle Scotese, Assistant Regional Counsel, Allyson Jozwik, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I will not accept the recommendation of the magistrate judge and instead will affirm the denial of benefits.

The plaintiff, Phyllis Booher, challenges the administrative decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits under certain provisions of the Social Security Act ("Act"). The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on May 12, 2010, recommending

that the case be remanded to the Commissioner for further consideration. The Commissioner thereafter filed timely written objections to the report, which are now before me for resolution.[1]

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

Following a hearing, and based on the evidence presented, an administrative law judge ("ALJ") in the Social Security Administration found that Booher suffered from severe impairments consisting of mild hearing loss, migraines, dizziness, joint pain and mild carpal tunnel syndrome. However, the ALJ also determined that

---

[1] The plaintiff did not file objections to the report. The plaintiff was given an opportunity to file a reply to the Commissioner's objections, but did not to so.

Booher was capable of performing her past relevant work as a cashier and thus was not under a disability as defined in the Act.

After the ALJ's decision, Booher was evaluated by a psychologist at the request of her attorney and a report of that evaluation presented to the Social Security Administration's Appeal Council, which declined to review the ALJ's decision. The psychologist, Robert S. Spangler, Ed.D., tested Booher, with the result of a Verbal IQ of 78, a Performance IQ of 76, and a Full Scale IQ of 75. However, Dr. Spangler believed the Performance IQ and Full Scale IQ results to have underestimated her actual abilities because of her slow pace in taking the test. (R. at 383.) Based on her prior work history, Dr. Spangler estimated her Performance IQ to be in the 80 to 89 range. (*Id.*)

In her report, the magistrate judge found that the ALJ had erred in failing to consider Booher's possible intellectual deficits and their effect, if any, on her ability to work. The magistrate judge recommended that the case be remanded for further administrative consideration in this regard.

In his objections, the Commissioner argues that even assuming that Booher has intellectual deficits, the uncontested fact that she has worked for years performing the semi-skilled work of a cashier, prevents such deficits from being the basis for a

finding of disability under the Act.[2] The Commissioner cites *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), in which the court stated that where a claimant conceded that she had worked for six years with the same symptoms and complaints, "she cannot now, as a matter of law, be found disabled without a claim of significant deterioration of her condition." *Id.* at 596 n.7.

I agree with the Commissioner's objections. It is true, as pointed out by the magistrate judge, that the ALJ did not discuss any possible intellectual deficits in his decision, although there was evidence that Booher had made poor grades in school (she left after the ninth grade) and had tested with low IQ scores in elementary school. Nevertheless, remand would not serve any purpose in this case, in light of the fact that Booher has been able to work as a cashier for ten years in spite of these deficits. Dr. Spangler's report confirms that there has been no significant deterioration in Booher's intellectual functioning since she last worked.

For these reasons, I will not accept the magistrate judge's recommendation and instead will grant the Commissioner's Motion for Summary Judgment.

An appropriate final judgment will be entered.

---

[2] Booher was nearly 54 years old at the time of the hearing before the ALJ and had worked from 1987 until 2002 as a stocker and cashier in grocery stores and as an assistant in a beauty salon.

DATED: July 16, 2010

 /s/ JAMES P. JONES
United States District Judge